## No. 6549.

### RENSHAW, CAMMACK & CO. VS. EDWIN C. HERBERT ET AL.

The action to annul a mortgage given by a debtor in favor of one of his creditors, on the ground of simulation and fraud, is prescribed by one year from the date of the mortgage.

APPEAL from the Ninth Judicial District Court, parish of Rapides, *Orsborn, J.*

*T. C. Manning*, for plaintiffs and appellees.

*W. F. Blackman*, for defendants.

The opinion of the court was delivered by

EGAN, J. Plaintiff sues to enjoin the execution of two judgments

against defendant, Herbert, and to annul and revoke said judgments and mortgages given to secure the debts on which they were obtained, on the ground of simulation, fraud, and injury to himself, a judgment creditor of defendant.

The prescription of one year is pleaded by defendants.

The evidence does not sustain the charge of simulation. It appears that the notes secured by the mortgages, and which were the basis of the judgments attacked, were given in lieu of pre-existing notes held by the mortgagees, which were offered in evidence and most of which bore dates anterior to that upon which the plaintiff obtained his own judgment against the defendant, Herbert. There is no evidence to contradict the direct proof of these debts. Indeed, the reality of the debt of defendant, Pickens, is admitted by plaintiff's counsel. If there was fraud which rendered the contracts, mortgages, and judgments attacked liable to be set aside at the suit of plaintiff, it was to secure certain creditors in preference to others. These mortgages had been given more than one year before the institution of this suit to avoid them, which was also instituted more than one year after plaintiff himself obtained judgment against the defendant, Herbert, the common debtor.

The plea of prescription must prevail as to the mortgages sought to be avoided. C. C. 1987, 1994.

As to the judgments to enforce the mortgages, it would follow that the plaintiff can not complain, and their avoidance would be of no advantage to him. Indeed, it is difficult to see how, standing by themselves, junior judgments could affect injuriously a *prior* judgment creditor, or confessing them could be considered as giving an unjust preference over one who had already obtained his judgment more than twelve months before.

The facts of the case sufficiently justified the plaintiff's action to make us unwilling to award damages.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, that the injunction sued out by plaintiff be dissolved, and that there be judgment in favor of the defendants and against the plaintiff, with costs of both courts.

The Chief Justice recuses himself, having been of counsel.